IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00605-MSK-KMT

SHAWN RHOADES, an individual,

 Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA, a foreign corporation,

 Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

 This matter is before the court on Plaintiff's "Motion to Amend Complaint to Include Statutory Claims for Unreasonable Delay and Denial" (Doc. No. 22, filed July 16, 2012 ["Mot."]) and "Defendant's Response in Opposition to Plaintiff's Motion to Amend Complaint to Include Statutory Claims for Unreasonable Delay and Denial" (Doc. No. 24, filed August 9, 2012 ["Resp."]).  No reply was timely filed.  Accordingly, this motion is ripe for the court's review and recommendation.

## PROCEDURAL BACKGROUND

 This case concerns payment of first-party underinsured motorist ("UIM") benefits arising from an accident in November 2010.  After settling with the at-fault tortfeasor on January 31, 2011, and subsequently making a demand to Defendant for UIM benefits, Plaintiff commenced the instant action in state court, Denver County, on February 9, 2012, alleging one claim for

breach of contract based on non-payment of those benefits.  (Doc. No. 1, Ex. A.)  Defendant

removed the case to federal court on March 9, 2012.  (Doc. No. 1.)  Plaintiff now seeks to amend

his complaint to add a statutory claim ("Claim Two") for unreasonable delay or denial of

benefits.  (*See* Mot., Ex. 1 ["Am. Compl."].)  The applicable statute provides that payment of

benefits owed must not be delayed or denied unreasonably, and in the event they are, that an

insured may collect twice the benefit owed, along with reasonable attorney fees.  *See* Colo. Rev.

Stat. §§ 10-3-1115 & 1116.

## LEGAL STANDARD

### A.    *Leave to Amend*

Pursuant to Federal Rule of Civil Procedure 15(a), "The [C]ourt should freely give leave

[to amend the pleadings] when justice so requires."  *See also York v. Cherry Creek Sch. Dist. No.

5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen

Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the

circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject
> of relief, he ought to be afforded an opportunity to test his claim on the merits. In the
> absence of any apparent or declared reason-such as undue delay, bad faith or dilatory
> motive on the part of the movant, repeated failure to cure deficiencies by amendments
> previously allowed, undue prejudice to the opposing party by virtue of allowance of the
> amendment, futility of the amendment, etc.-the leave sought should, as the rules require,
> be "freely given." Of course, the grant or denial of an opportunity to amend is within the
> discretion of the District Court, but outright refusal to grant the leave without any
> justifying reason appearing for the denial is not an exercise of discretion; it is merely
> abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).  The Federal Rules reject the approach "that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."  *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

### B.    *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6) (2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The Iqbal evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption

of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 678-80. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citation omitted).

## ANALYSIS

Defendant's challenges to Plaintiff's Motion rest on the futility of the proposed amendments. The court confines its analysis to this futility argument, as none of the other factors for refusing leave are "apparent or declared." *See Foman*, 371 U.S. at 182. In particular, Defendant maintains that Claim Two would not survive a 12(b)(6) motion because it is factually unsupported and based upon grounds which the Colorado Court of Appeals has concluded are insufficient.

Claim Two concerns whether Defendant was reasonable in handling Plaintiff's claim for insurance benefits.  Normally, questions of reasonableness in a first-party bad faith breach of insurance contract case are reserved for a jury.  *Schuessler v. Wolter*, ―― P.3d ――, 2012 WL 1881002, at *7 (Colo. App. May 24, 2012); *URS Group, Inc. v. Tetra Tech FW, Inc.*, 181 P.3d 380, 389 (Colo. App. 2008).  However, in support of its futility argument, Defendant points to, and attaches to its Response, an unpublished Colorado Court of Appeals case, *Alarcon v. American Family Mut. Ins. Co.*, No. 10CA1786, 2011 WL 3925742 (Colo. App. Sept. 8, 2011), which affirmed a grant of summary judgment in favor of an insurance company.  In that case, the Court of Appeals agreed with a trial court's finding that the plaintiff's claim was "fairly debatable" because the value of the claim had not been determined by an arbitrator or court.  (Resp., Ex. 1 at 8.)  Defendant construes this case to thus stand for the proposition that a plaintiff may not bring a claim under Colo. Rev. Stat. § 10-3-1115 based solely on a disagreement over the value of benefits owed.  (Resp. at 8-9.)

Defendant's argument ignores the posture of the case in *Alarcon*.  While Colorado case law holds that whether an insured's claim is "fairly debatable" is one factor to consider in the evaluation of reasonableness, it is neither a determinative factor nor a threshold inquiry.  *See Sanderson v. American Family Mut. Ins. Co.*, 251 P.3d 1213, 1218 (Colo. App. 2010); *Pham v. State Farm Mut. Automobile Ins. Co.*, 70 P.3d 567, 572 (Colo. App. 2003).  *Alarcon* simply demonstrates the application of the evidentiary threshold a plaintiff must meet along the way to proving his case; it does not foreclose altogether the pleading of a claim based upon a valuation dispute.  That *Alarcon* was not published pursuant to Colorado Appellate Rule 35(f) further

suggests the Colorado Court of Appeals did not intend to set forth any new law concerning when a plaintiff may or not maintain a cause of action. *See* C.A.R. 35(f) (stating that no opinion shall be published unless it, among other reasons, "lays down a new rule of law, or alters or modifies an existing rule, or applies an established rule to a novel fact situation"). Thus, the argument that Plaintiff's Claim Two is based upon insufficient grounds lacks merit.

More persuasive is Defendant's argument that Plaintiff's proposed Amended Complaint fails to allege enough facts such that Claim Two would survive a Fed. R. Civ. P. 12(b)(6) motion. To state a claim under Colo. Rev. Stat. § 10-3-1115(1)(a), a plaintiff must allege that an insurance company delayed or denied payment of a claim for benefits owed, and did so unreasonably.[1]  Colo. Rev. Stat. § 10-3-1115(1)(a).  Section 10-3-1116(1) allows for doubled benefits and reasonable attorney fees upon a showing that Colo. Rev. Stat. § 10-3-1115(1)(a)was violated.  Colo. Rev. Stat. § 10-3-1116.  Surveying Plaintiff's Amended Complaint, it is clear he has not alleged enough facts to support such a claim.

In the proposed Amended Complaint, the following factual allegations are presumed true and are construed in the light most favorable to Plaintiff by this court: Plaintiff was involved in a collision with a car driven by Amanda Magreevy on November 8, 2010, and sustained injuries as

---

[1]The Tenth Circuit has noted that it has "found no Colorado case defining the elements of a claim under § 10-3-1115(1)(a), but by its terms it sets forth a reasonableness standard." *Zbegner v. Allied Property and Cas. Ins. Co.*, 455 F.App'x. 820, 826 (10th Cir. 2011).

a result.  (Am. Compl. ¶¶ 4, 5.)  Plaintiff has incurred $27,000 in medical bills as of the date the

complaint was filed in treating those injuries, and will continue to incur unspecified additional

medical bills in the future.  (*Id*. ¶ 7.)  Ms. Magreevy had an automobile liability insurance policy

with Progressive Insurance with maximum policy limits of $25,000, and on January 31, 2011,

after receiving authority from Defendant to do so, Plaintiff settled with Progressive Insurance for

the policy limits of $25,000.  (*Id*. ¶¶ 10-12.)  At all relevant times, Plaintiff had an automobile

insurance policy issued by Defendant that provided UIM benefits in the *maximum* amount of

$100,000.  (*Id*. ¶ 13.)  Plaintiff submitted a demand for payment of the full $100,000 of UIM

benefits to Defendant on May 2, 2011.  (*Id*. ¶ 19.)  On May 27, 2011, twenty-five days after the

demand, Defendant responded with an offer of $11,500 as settlement of Plaintiff's UIM claim,

thereby offering Plaintiff a total reimbursement of $36,500.[2]  (*Id*. ¶ 21.)   In doing so, Defendant

requested medical records from Plaintiff for three years prior to the collision.  (*Id*.)  On June 15,

2011, nineteen days later, Plaintiff responded to Defendant's request by stating that he had not

undergone any medical treatment in the three years prior to the collision, providing an EEG

report from February 2011, and renewed his demand for payment of the policy limits of

$100,000.  (*Id*. ¶ 22.)  Defendant then responded on July 1, 2011, sixteen days later, by raising

its offer of payment on the claim to $13,000, for a total reimbursement of $38,000.  (*Id*. ¶ 23.)

This is the last pertinent date alleged in the Amended Complaint.

---

[2]Progressive Insurance's portion of damages awarded was $25,000, plus the additional
$11,500 offered by Defendant.

Allegations that the Defendant, at all times, had all the information necessary to review Plaintiff's claim, (*id.* ¶ 19), are, without more, conclusory, as are Plaintiff's legal conclusions and recitals of the elements of the statutory cause of action, (*id.* ¶¶ 31-33); none are entitled to an assumption of truth. *See Iqbal*, 556 U.S. at 678. Excising these conclusions, under the resulting time line, Plaintiff has not pleaded any facts suggesting any delay in, or denial of, payment of benefits. To the contrary, the factual time line demonstrates that every time Plaintiff made a demand for policy benefits, Defendant responded within days with an offer that encompassed at least the $2,000 in remaining medical bills Defendant was arguably liable for, along with an additional sum to compensate Plaintiff's unspecified allegation that he would incur future medical bills. Because Plaintiff did not present factual allegations of *any* delay or denial of benefits, Claim Two, as alleged, would be subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), and is thus futile.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that Plaintiff's "Motion to Amend Complaint to Include Statutory Claims for Unreasonable Dely and Denial" (Doc. No. 22) be **DENIED**.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 19th day of October, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge